## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

GREGORY DEVON OBEY,      )
     **Plaintiff,**         )
                         )    **C.A. No. 22-194 Erie**
                         )
     **v.**                )    **District Judge Susan Paradise Baxter**
                         )    **Magistrate Judge Richard A. Lanzillo**
UNIT MANAGER COLLEY, et al.,  )
     **Defendants.**      )

## <u>MEMORANDUM ORDER</u>

Plaintiff Gregory Devon Obey, an inmate incarcerated at the Federal Correctional

Institution at McKean in Bradford, Pennsylvania, initiated this *pro se* civil rights action on June

27, 2022, by filing a complaint against the following staff members at FCI-McKean: Unit

Manager Colley ("Colley"); Officer Donoghue ("Donoghue"); Officer Bailey ("Bailey"); J.

Walker ("Walker"), Lt. Blankenship ("Blankenship"); an unnamed Defendant identified as "FCI

McKean Health Service Worker on Shift During the Day of Incident" ("FCI McKean HSW");

and several unnamed Defendants identified as "John and Jane Does 1-10" ("Doe Defendants").[1]

This matter was referred to Chief United States Magistrate Judge Richard A. Lanzillo for report

and recommendation in accordance with the Magistrates Act, 28 U.S.C. § 636(b)(1), and Rules

72.1.3 and 72.1.4 of the Local Rules for Magistrates.

---

[1] Though the complaint was received by the Clerk of Courts on June 27, 2022, Plaintiff did not pay the filing fee until August 9, 2022, at which time the complaint was docketed [ECF No. 10]. Plaintiff subsequently filed a motion to correct names and add and remove Defendants [ECF No. 8], which resulted in an Order that, *inter alia*, terminated Defendant Bailey and the Doe Defendants from this case. [ECF No. 9].

Plaintiff's complaint alleges that Defendants failed to provide him with appropriate medical care in violation of his rights under the United States Constitution and Pennsylvania tort law. On January 11, 2023, Defendants Blankenship, Donoghue, and Walker filed a motion to dismiss, or in the alternative, motion for summary judgment, arguing, *inter alia*, that Plaintiff's claims should be dismissed because Plaintiff failed to exhaust his administrative remedies.[2]

On July 24, 2023, Judge Lanzillo issued a Magistrate Judge's Report and Recommendation recommending that Defendants' motion for summary judgment be granted and that the motion to dismiss be denied as moot [ECF No. 28]. By Memorandum Order dated September 27, 2023, this Court adopted the Magistrate Judge's recommendation and dismissed Plaintiff's claims against Defendants Blankenship, Donoghue, and Walker based on Plaintiff's failure to exhaust administrative remedies [ECF No. 33]. In addition, this Court remanded this matter to Chief Magistrate Judge Lanzillo "for consideration of whether summary judgment should be entered by this Court in favor of the remaining Defendants based on Plaintiff's failure to exhaust his administrative remedies...." (Id.).

Thereafter, on November 6, 2023, Judge Lanzillo entered an Order requiring Plaintiff to show cause why all of his claims against remaining Defendants Colley and FCI-McKean HSW should not be dismissed based on his failure to exhaust his administrative remedies. [ECF No. 36]. Plaintiff filed a timely response to this Order on November 21, 2023; however, his response neither disputed his failure to exhaust his administrative remedies, nor challenged Defendants' record evidence showing that Plaintiff had not filed any grievance concerning his claims in this case. [ECF No. 37].

---

2
At the time, Plaintiff had failed to serve Defendants Colley and FCI McKean HSW.

As a result, Judge Lanzillo issued another Report and Recommendation {"R&R") on December 6, 2023, recommending that Plaintiff's claims against remaining Defendants Colley and FCI-McKean HSW be dismissed, with prejudice, based upon Plaintiff's failure to exhaust administrative remedies. [ECF No. 38]. Plaintiff has since filed objections to the R&R [ECF No. 39] raising two arguments. First, while acknowledging that he did not begin the administrative remedy process with regard to his claims until after he received the R&R, Plaintiff cites case authority[3] indicating that "a court has discretion to either excuse the faulty exhaustion and reach the merits, or require the petitioner to exhaust administrative remedies before proceeding in court." (Id. at p. 3). However, the cases cited by Plaintiff address exhaustion in the context of determining petitions for habeas corpus, not civil rights actions; thus, they are inapplicable here.

Second, Plaintiff argues that the administrative exhaustion requirement may be excused where a prison fails to provide an inmate with requested grievance forms (Id.); however, Plaintiff does not argue that he, himself, was denied grievance forms. Instead, Plaintiff argues that "it is a well documented, and routine, practice, both at FCI McKean and throughout the federal prison system, that inmates are denied, and otherwise stymied by prison staff when attempting to obtain and utilize the Administrative Remedy process." (Id.). Such a generalized statement is woefully insufficient to excuse exhaustion in any case, but particularly rings hollow in this case, given Plaintiff's concession that he did not take any steps to access the administrative remedy process until after he had received the R&R.

Thus, after de novo review of the complaint and documents in this case, together with the report and recommendation and objections thereto, the following order is entered:

---

3

The cases cited by Plaintiff are Ricketts v. Ortiz, 2023 U.S. Dist. LEXIS 62281, 2023 WL 2859743 (D.N.J. Apr. 10, 2023), and Ridley v. Smith, 179 Fed. Appx. 109 (3d Cir. 2006).

AND NOW, this 22nd day of January, 2024;

IT IS HEREBY ORDERED that Plaintiff's claims against Defendants Colley and FCI McKean HSW are DISMISSED, with prejudice, based on Plaintiff's failure to exhaust his administrative remedies. The report and recommendation of Chief Magistrate Judge Lanzillo, issued December 6, 2023 [ECF No. 38], is adopted as the opinion of the court.

Since there are no further claims left in this case, the Clerk is directed to mark this case "CLOSED."

SUSAN PARADISE BAXTER
United States District Judge

cc:    The Honorable Richard A. Lanzillo
       Chief U.S. Magistrate Judge

       all parties of record